UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| | ) | Criminal No. 15-CR-10256-RGS |
| V. | ) ) | |
| BRANDON BAEZ | ) ) | |

## MOTION TO DISMISS INDICTMENT

The defendant, Brandon Baez, in the above-entitled matter moves this Court to order that the Indictment now pending against him, be dismissed forthwith with prejudice. In support of this motion, the defendant states that he has been detained pending trial since his initial appearance and arraignment on June 15, 2016. Despite the fact that fifteen (15) months have elapsed since the defendant's arraignment and despite the fact that the defendant's counsel has repeatedly advised the Court and the government of the situation, as well as, requested that the discovery materials be provided to the defendant, to date, he has not been afforded access to the basic discovery materials in the case. The continuous failure to provide the defendant with the discovery materials, while he remains detained and unable to prepare for trial, violates his rights to due process of law, to the effective assistance of counsel, to present a complete defense, to equal protection of the law and to fundamental fairness guaranteed him by the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States. In further support of this motion, the defendant states the following:

(1)  The defendant was arraigned before this Court, Kelly, Mag. J., on June 15, 2016, at which time he entered not guilty pleas to Counts 1 and 2 of the Indictment.  At that time, the Court issued an Order On Detention holding that, "…the defendant is currently in state custody awaiting trial.  Accordingly, the court will continue the detention hearing … until such time as the defendant is released from state custody in accord with the protocol set forth in United States v. King, 818 F.2d 112, 115, N.3 (1st Cir. 1987)"; the defendant is detained pending a detention hearing and that a detainer is to be lodged against the defendant with state authorities.  $^{1}$/

(2)  During the course of an initial status conference on July 28, 2017, the government stated, *inter alia*, that documentary evidence would be released the next day, a thumb drive would be forwarded to counsel next week; that the drug certification reports would be disclosed within two weeks and the government's automatic discovery letter would be forwarded to counsel within two weeks.  The Court also addressed the issue of forwarding discovery materials to incarcerated defendants.

(3)  On August 25, 2016, the defendant's counsel inquired of counsel for the government, as to when the defendant would be provided with discovery materials by the government.

(4)  During the course of an interim status hearing on October 27, 2016, the Court, Kelly, Mag., J., once again discussed the issue of providing discovery materials to the incarcerated defendants.  In regard to defendants held at the Suffolk County Jail, counsel for a co-defendant indicated that she would obtain the name of the person at the jail to whom the discovery materials should be sent and that counsel would try to ascertain by

---

[1]  The charges pending against the defendant in the Suffolk County Superior Court are related to the charges in this case.  The defendant had been held on the state charge since April 4, 2016.

the following week as to whether or not the discovery materials had been received by the jail and if the defendants were afforded access to the materials.  The government stated that CDs or thumb drives containing the discovery materials would be delivered to the Suffolk County Jail next week.

(5)  On October 28, 2016, the defendant's counsel forwarded a letter to Susan Atkins, Assistant Deputy Superintendent of the Suffolk County Jail, a copy of which is attached hereto as Exhibit A, informing her that electronic devices containing discovery materials would be delivered to the jail by the Office of the United States Attorney and requesting that the defendant be given continued access to an institutional computer as the materials are extremely voluminous.

(6)  On December 6, 2016, Motion To Remand Defendant To The Custody Of The United States Marshall's Service Pending Trial was filed with the Court, a copy of which is attached hereto as Exhibit B.  In that motion, the defendant's counsel stated, *inter alia*, that:

> On or November 7, 2016, the government intended to forward the discover materials to the Superintendent of the Suffolk County Jail; however, the letter was mis-addressed and the materials may have been forwarded to the Suffolk County House of Correction.
> In a letter dated November 14, 2016, the defendant's counsel advised the defendant to request access to the discovery materials at the Suffolk County Jail.
> Subsequently, the defendant made several requests to the authorities at the Suffolk County Jail to review the discovery materials; however, each of those requests was denied on the ground that the jail is not in receipt of the discovery materials.
> Counsel for a co-defendant in this matter, who is also held at the Suffolk County Jail informed counsel for the government that the said letter regarding the discovery materials was mis-addressed and that the materials have not been received by the Suffolk County Jail.
>
> . . .

   Most crucially, although the defendant has been held on the charges herein since June 14, 2016, a period of six (6) months, he has not been afforded access to the discovery materials in the case. If and when the defendant is afforded access to the discovery materials in the case, the nature of such access is problematic, as under the present practices at the Suffolk County Jail, he would be allowed to use an institutional computer for a period of two (2) hours at a time, if that, in the "attorneys' visiting room" in his unit. The scheduling of such use is erratic and depends on the availability of an institutional computer, the delivery of the computer to the unit and subject to whether or not an attorney is conferring with an inmate client in the "attorney's room." In addition, the correctional officer who administers this procedure, terminates his work day at 3:00 p.m. weekdays and the computers are not available on weekends. Given these facts and the volume of discovery materials, it would take months, for the defendant to complete his review of the discovery materials. Such review would also be affected by the defendant's disjointed access to the materials and after the defendant's review of the materials, additional time would be required for the defendant to discuss the materials with counsel. The situation is also exacerbated by the fact that the defendant is not computer literate and will require assistance in reviewing the discovery materials.

 (7)  On November 7, 2016, when the defendant requested access to the discovery materials at the Suffolk County Jail, he was informed by institutional staff that there were "no materials for him at the jail."

 (8)  On November 10, 2016, the defendant's counsel received a copy of a letter from the government to the Suffolk County House of Correction at 20 Bradston Street, Boston, MA  02118, dated November 7, 2016, a copy of which is attached hereto as Exhibit C, which accompanied "a thumb drive containing encrypted ZIP files" for the defendant and two other defendants in the case. The thumb drive was sent to the wrong institution as the defendant and the two other defendants in the case, were held at the Suffolk County Jail and not at the Suffolk County House of Correction. In a letter dated December 16, 2016, a copy of which is attached hereto as Exhibit D, a thumb drive and DVD were mailed to the Superintendent of the Suffolk County Jail.

(9) The defendant was not notified that the discovery materials had been received by the Suffolk County Jail and his requests for access to the discovery materials were denied.

(10) During the course of a status hearing on December 20, 2016, counsel for various defendants discussed their clients' issues regarding discovery at the Donald W. Wyatt Detention Facility and at the Suffolk County Jail. The Court, Kelly, Mag., J., indicated that if defendants were still having discovery issues in the next two weeks, counsel was to so notify the Court.

(11) On December 28, 2016, the defendant notified his counsel that the discovery materials had arrived at the jail; however, the discovery materials could not be viewed by the defendant as the institution's lap top computer(s) were not operating properly and it was not known if and when the computer(s) would be repaired.

(12) After hearing on January 5, 2017, the Court, Kelly, Mag., J., allowed the pending Motion To Remand The Defendant To The Custody Of The United States Marshal's Service Pending Trial and on that date, the defendant was transferred to M.C.I. Cedar Junction.

(13) On January 23, 2017, the defendant informed counsel that he did not have access to discovery materials at M.C.I. Cedar Junction.

(14) In a letter from the defendant's counsel to the government dated February 3, 2017, a copy of which is attached hereto as Exhibit E, counsel stated that:

> Since his arrival at M.C.I. Cedar Junction, despite his repeated requests, he has not been afforded access to the discovery materials at that facility. In addition, he is completely computer illiterate and may have other learning difficulties.
> It is my understanding that he may not have been afforded access to the discovery material as the authorities at M.C.I. Cedar Junction, were not informed

> that he is one of the inmates who should have such access.  I would greatly appreciate it if you would inform the appropriate officials at the institution that the defendant may have such access and also, inquire as to whether or not he may receive instructions or other assistance in the use of an institutional computer to review the discovery materials.  Thank you for your assistance.

(15)  During the course of a status hearing on February 28, 2017, at which the defendant was present, the defendant's counsel informed the Court that the defendant and not been afforded access to the discovery materials.  The Court, Kelly, Mag., J., directed counsel to inform the Court of any up-date and directed Michael Andrews to contact the IT department at M.C.I. Cedar Junction.

(16)  Within several days of the hearing on February 28, 2017, the defendant informed counsel that the discovery materials that the government had previously forwarded to M.C.I. Cedar Junction were no longer at that institution as the materials accompanied those defendants when they were transferred to other facilities and the defendant's counsel so informed the government.

(17)  During the course of a status hearing on May 10, 2017, the Court was informed by counsel standing in for the defendant's counsel, that the defendant had not been afforded access to the discovery materials.  The Court, Kelly, Mag., J., directed the government to work on discovery issues with the defendants and that counsel are to inform the Court if there are further issues with the defendants' access to discovery.

(18)  In a letter from the defendant's counsel to the government dated May 16, 2017, a copy of which is attached hereto as Exhibit F, counsel indicated that:

> It is my understanding that as of this week, Mr. Baez still has not received the discs containing the discovery materials. As I mentioned to you several times in the past, the discs that had originally been forwarded to M.C.I. Cedar Junction are no longer at that institution as they accompanied the defendants in the case who were initially at that institution and subsequently transferred. I would greatly appreciate it if you would immediately forward all of the discovery discs to

6

>M.C.I. Cedar Junction and request the institutional staff to inform Mr. Baez of their arrival so that he may finally begin his review of the discovery materials. Thank you.

(19)  On or about June 8, 2017, Motion Of Defendant Brandon Baez To Be Furnished With Discovery Materials, a copy of which is attached hereto as Exhibit G, was filed with the Court, in which the defendant described the history of his attempts to obtain the discovery materials and moved the Court, "…to order the government to forthwith furnish him with any and all discs, CDs or other devices containing the discovery materials in the case by forwarding such devices to the appropriate institutional officials at M.C.I. Cedar Junction."

(20)  In a letter dated June 20, 2017, a copy of which is attached hereto as Exhibit H, the government forwarded the discovery materials to the Superintendent of M.C.I. Cedar Junction in encrypted thumb drives.

(21)  Subsequently, the defendant informed counsel that discovery materials contained in thumb drives, had arrived at M.C.I. Cedar Junction; however, that institution does not allow inmates to have access to or to otherwise use thumb drives.  In addition, the institution would only accept discs containing discovery materials from the government and would not accept discs from attorneys.

(22)  In a letter dated June 27, 2017, a copy of which is attached hereto as Exhibit I, the defendant's counsel, *inter alia*, stated that he appreciated the government forwarding the discovery materials to the defendant at M.C.I. Cedar Junction so that he could begin to review the discovery materials.

(23) In a letter dated June 28, 2017, a copy of which is attached as Exhibit J, the government forwarded the discovery materials, which were contained in encrypted discs to the Superintendent of M.C.I. Cedar Junction.

(24) In a letter dated Jul 17, 2017, from the defendant's counsel to Michael Rodrigues, Superintendent of M.C.I. Cedar Junction, a copy of which is attached hereto as Exhibit K, the defendant's counsel described the prior problems involved in the defendant gaining access to the discovery materials at that institution and in regard to the thumb drive and discs recently forwarded to him, stated that:

> It is my understanding, however, that although the thumb drive and discs are now at your institution and that Mr. Baez has made numerous requests to be afforded access to the materials, to date, he has not been afforded such access. It is crucial that Mr. Baez review the discover materials in this case at the earliest possible time and I would greatly appreciate it if you would arrange for him to do so. If there is any sort of problem with Mr. Baez being given immediate access to the thumb drive and disc in accordance with institutional policy, please so advise me. Thank you for your assistance.

(25) Subsequently, the defendant informed counsel that discs containing encrypted discovery materials had arrived at M.C.I. Cedar Junction; however, the institutional computer(s) did not contain the necessary software to be able to download or to otherwise un-encrypt the discs and that such software was not allowed at that facility. On August 22, 2017, counsel informed the government of this problem. The government stated that unencrypted discs would be forwarded to M.C.I. Cedar Junction.

(26) In a letter dated Jul 21, 2017, a copy of which is attached as Exhibit L, Michael Rodrigues, Superintendent of M.C.I. Cedar Junction informed the defendant's counsel that:

> I have been advised that you spoke with my Administrative Assistant who advised you that the package that was originally received by the U.S. Department of Justice had to be sent back as the facility does not have the capability to view

items off of a thumb drive.  You were further advised that the facility has since received compact discs and your client was advised on July 18, 2017 that they are in the Law Library and he can make an appointment to view them.

(27)  During the course of a status hearing on September 7, 2017, the defendant's counsel informed the Court, Kelly, Mag., J., that the defendant had not received the discovery materials and the government indicated that it would look into the issue.

(28)  In a letter dated September 21, 2017, which counsel received on September 26, 2017, the defendant informed counsel that as of that date, he had not received access to the discovery materials.

(29)  To date, the discovery materials contained in a format that the defendant can review, has not been received by the Superintendent of M.C.I. Cedar Junction and to date, the defendant has not been afforded access to the discovery materials in the case.

(30)  The government's failure to disclose evidence likely to affect the outcome of a case violates due process.  Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194 (1963); Giles v. Maryland, 386 U.S. 66, 87 S.Ct. 793 (1967) (evidence regarding complaining witness not disclosed); Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763 (1972) (withholding of evidence of promise of leniency to witness ground for new trial); DeMarco v. United States, 415 U.S. 449, 94 S.Ct. 1185 (1974) (evidentiary hearing required to determine if promise of leniency was made before testimony of witness contrary to his testimony at trial); United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392 (1976) (duty to disclose evidence not limited to case where request is made if evidence is material); United States v. Bagley, 473 U.S. 667, 105 S.Ct. 3375 (1985) (impeaching as well as exculpatory evidence must be disclosed to defendant under Brady); Kyles v. Whitley, 514 U.S. 419, 115 S.Ct. 1555 (1995) (the government has the duty to disclose exculpatory evidence

even in the absence of a request.  The obligation exists regardless of the good or had faith of the prosecutor and even if the police have failed to disclose the evidence to him); Banks v. Dretke, 540 U.S. 668, 124 S.Ct. 1256 (2004) (the failure of the state to disclose that it had rehearsed the testimony of two witnesses, especially when the witnesses denied any prior conversations with the prosecution, constituted a violation of due process.)  See also, Ferrara v. United States, 384 F. Supp. 384 (D. Mass. 2005) aff'd 456 F.3d 278 (1st Cir. 2006)

(31)  Rule 16(d)(2) of the Fed Rules of Criminal Procedure, gives this Court wide discretion in dealing with the failure of either party to comply with the discovery procedures required by Rule 16. **2/**  The Court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances.  See, United States v. Weatherspoon, 581 F.2d 595 (7th Cir. 1978), United States v. Jackson, 508 F.2d 1001 (7th Cir. 1975).

WHEREFORE, for the reasons stated above and because, "…in our adversary system for deterring guilt or innocence, it is rarely justifiable for the prosecution to have exclusive access to a storehouse of relevant fact" Dennis v. United States, 384 U.S. 855, 873 (1966), the defendant moves that the Indictment now pending against him be dismissed forthwith with prejudice.  Or in the alternative, the defendant moves that

---

2   The discovery materials contain information subject to disclosure by the government to the defendant by Rule 16(a).

10

pursuant to Rule 16(d)(2)(c), this Court order that the government may not introduce the evidence undisclosed to the defendant at trial.

                                                   Respectfully submitted
                                                   By his attorney,

                                                   /s/ Bernard Grossberg
                                                   _____
                                                   Bernard Grossberg
                                                   38 Green Street
                                                   Milton, MA 02186
                                                   (617) 737-8558
                                                   B.B.O. No. 212900

## CERTIFICATE OF SERVICE

     I, Bernard Grossberg, Esq., hereby certify that on September 29, 2017, I served a true copy of **Motion To Dismiss Indictment** upon Assistant United States Attorney Michael Crowley, by electronic filing to all registered users.

                                                   /s/ Bernard Grossberg
                                                   _____
                                                   Bernard Grossberg