UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 15-10256-RGS

UNITED STATES OF AMERICA

v.

BRANDON BAEZ

ORDER ON DEFENDANT'S MOTION
TO DISMISS SUPERSEDING INDICTMENT

October 20, 2017

STEARNS, D.J.

Before the court is a motion to dismiss an indictment that arises out of a discovery dispute that, on its face, appears to involve less a failure of the government to satisfy its *Brady* obligations than an objection about the format in which the government has produced discovery materials. Whatever troubles defendant may have encountered in obtaining access to computer facilities in the penal institutions in which he has been incarcerated, both sides agree that on July 21, 2017, the Superintendent of MCI-Cedar Junction wrote to defendant's counsel confirming that the discovery materials were available for defendant's review in the prison library in an accessible, unencrypted format. *See* Def's Mem. at 8-9 (Dkt #289); Govt's Mem. at 1 (Dkt #281). While the court possesses broad discretion to tailor sanctions to fit the egregiousness of a discovery violation,

where no such violation has occurred, or even if one did, no prejudice to the defendant resulted, no sanction is appropriate, much less the nuclear option of dismissal of an indictment. *See Bank of Nova Scotia v. United States*, 487 U.S. 250, 255 (1988) ("[A] district court exceeds its powers in dismissing an indictment for prosecutorial misconduct not prejudicial to the defendant . . . .").

ORDER

For the foregoing reason, the motion is <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE